# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

DARIEN MAYE,

   Plaintiff,

v.           Case No: 6:25-cv-1854-PGB-LHP

WALMART, INC.,

   Defendant

_____

## ORDER
(And Direction to the Clerk)

Plaintiff Darien Maye, proceeding *pro se*, has filed several motions, each of which have been referred to the undersigned. None of the motions have been responded to, as Defendant has not yet been served nor appeared in this case. Upon consideration, it is **ORDERED** as follows:

1. Plaintiff's September 25, 2025 Application to Proceed in District Court Without Prepaying Fees and Costs (Long Form), which has been construed as a motion to proceed *in forma pauperis* (Doc. No. 3), is **DENIED as moot.** Plaintiff filed a subsequent Application to Proceed in District Court Without Prepaying Fees or Costs (Long Form) on November 6, 2025 (Doc. No. 10).

2.    Plaintiff's Motion for Status Update and Request for Ruling on Pending Motion (Doc. No. 9), and Plaintiff's Motion to Rule on Pending Motion to Proceed In Forma Pauperis (Doc. No. 11), both of which seek updates and/or a ruling on Plaintiff's September 25, 2025 Application (Doc. No. 3), are also **DENIED as moot**. The Court is aware of Plaintiff's November 6, 2025 Application (Doc. No. 10) and will rule on the Application in due course.

3.    Plaintiff's November 6, 2025 Application (Doc. No. 10) includes the full names of minor children, which does not comply with Federal Rule of Civil Procedure 5.2(a)(3). *See id.* at 3.   Accordingly, the **Clerk of Court** is **DIRECTED** to redact from the November 6, 2025 Application the full names of the minor children (Doc. No. 10, at 3).

4.    The Motion for Leave to File Documents Electronically (Doc. No. 7) is **DENIED without prejudice**.   First, the motion fails to comply with Local Rule 3.01(b).   *See generally Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure."), *cert. denied*, 493 U.S. 863 (1989).   Second, "[w]hile an unrepresented individual may obtain the Court's permission to file his submissions electronically using the CM/ECF system, such authorization is typically denied unless the pro se party makes a showing of good cause or extenuating circumstances justifying such relief."   *Hooker v. Wilkie*, No. 8:20-cv-1248-T-02CPT,

2020 WL 6947482, at *1 (M.D. Fla. June 4, 2020) (citations omitted).   Here, Plaintiff

makes no such showing.   Doc. No. 7.

That said, "the Court in its discretion may grant a *pro se* party permission to

receive electronic notifications."   *See Moore v. Adventist Health Sys. Sunbelt*

*Healthcare Corp.*, No. 6:23-cv-1163-PGB-DCI, 2023 WL 4947933, at *1 (M.D. Fla. Aug.

3, 2023).   The Court finds it appropriate to exercise such discretion here.   *See id.*;

*see also Cromity v. City of Orlando*, No. 6:24-cv-1688-CEM-DCI, 2025 WL 435901, at *1

(allowing service of court documents on *pro se* party by email); *Wilkins v. RCI, LLC*,

No. 6:23-cv-849-PGB-EJK, 2023 WL 3453560, at *1 (M.D. Fla. May 15, 2023) (same).

Therefore, the **Clerk of Court** is **DIRECTED** to add Plaintiff's email address to

CM/ECF, darienmaye190@gmail.com, and ensure that Plaintiff receives Notices of

Electronic Filings.

5.    Plaintiff's Motion for Leave to Bring Electronic Devices into Federal

Courthouse (Doc. No. 8) is **DENIED without prejudice**.   Not only does the motion

fail to comply with Local Rule 3.01(b), but Plaintiff fails to provide any argument to

support his request beyond a conclusory assertion that allowing devices will

"facilitate efficient participation in any scheduled hearings and ensure full access to

relevant materials."   Doc. No. 8, at 1.   This explanation is both speculative and

conclusory, and does not support a blanket authorization for Plaintiff to bring

electronic devices into the Courthouse, particularly when at present no hearings are

set. Should Plaintiff have a specific need to bring an electronic device(s) into the courthouse for a specific proceeding, Plaintiff may renew his request at that time. *See also* Local Rule 7.02.

      **DONE** and **ORDERED** in Orlando, Florida on November 20, 2025.

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties